## A. H. GREEN v. JOSEPH B. CORSON.

FORECLOSURE SALE — *Defective Notice — Fraud of Mortgagor.* In pursuance of a judgment of foreclosure, certain real estate was ordered to be sold. A notice was published by the sheriff in a daily paper that the sale would occur on March 9, 1889, and the notice was published in every issue of the paper from February 6, 1889, to March 8, 1889, inclusive, except in the issues of March 6 and 7, 1889. In each of those issues the figure "9" in the notice had been taken out and turned upside down, so as to somewhat resemble the figure "6." It was found that the alteration in the notice was caused or procured to be made by the defendant whose property was advertised to be sold, for the purpose of avoiding the sale. *Held*, On a motion of the defendant to set aside the sale by reason of the defective notice, that a party guilty of such misconduct is not in a position to appeal to the court for assistance in consummating the wrong, and that the court will not aid him in reaping the anticipated fruits of his wrongful conduct.

*Error from Cowley District Court.*

ACTION by *Corson* against *Green* to foreclose a mortgage of real estate. On May 1, 1889, defendant's motion to set aside the sale was overruled, and he comes to this court. The facts appear in the opinion.

*A. H. Green* and *Sam. D. Pryor*, for plaintiff in error.

*McDermott & Johnson*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This is a proceeding to review the rulings of the district court of Cowley county refusing to set aside a judicial sale of real property and confirming such sale. On May 4, 1888, Joseph B. Corson obtained a judgment against A. H. Green and others, for the sum of $6,097.61, and also a decree foreclosing a mortgage given to secure the debt on three lots in the city of Winfield. The decree directed the sale of the property, without appraisement, to satisfy the judgment. On February 6, an order of sale was issued to the sheriff, and that officer gave notice of a sale to be had on March 9, 1889, which was published in the Winfield *Courier*. The return made by the sheriff shows that a sale was made on that day, of each of the lots separately, for the total sum of $6,000. A motion was made by the plaintiff, who was the purchaser at the sale, for a confirmation, and at the same time the defendant, A. H. Green, moved the court to set aside the sale because of the insufficiency of the notice published by the sheriff. In his affidavit, Green states that the notice of sale, as published in the Winfield *Daily Courier*, on the 6th and 7th days of March, stated that the sale would occur on March 6, 1889, instead of March 9, 1889, as it had appeared in the other issues of the paper. Testimony was taken before the court which showed that the notice was published correctly in every issue of the Winfield *Daily Courier* from and including February 6, to March 8, 1889, in all of which it was recited that the sale would occur on March 9, 1889, except the issues of March 6 and 7, 1889; in each of those issues the figure "9" had been taken out and turned upside down, so as to somewhat resemble the figure "6." Proof was offered tending to show that this change in the notice was caused or procured to be done by the plaintiff in error, and the district court appears to have found from the testi-

40—50 KAS.

mony that he was responsible for this wrong. Treating this alteration as one made at the instance of the defendant, for the purpose of avoiding the sale, as we must, under the general findings, should the court aid him in reaping the anticipated fruits of his wrongful conduct? A party guilty of such a wrong is hardly in a position to appeal to the court for assistance in consummating that wrong, and when such an appeal is made it should be disregarded. There is no intimation that the property sold for anything less than a fair and reasonable price, nor that any bidders were misled, or prevented from attendance upon the sale, by the discrepancy in the published notice. The proper figure was in the notice, but inverted, so as to somewhat resemble a "6." When so inverted, it was out of line, however, so that it did not fairly represent a figure "6," and the difference between it and a figure "6" could be readily seen. In any event, the plaintiff in error will not be heard to complain of a defect or alteration of the notice of his own creation; nor should a court aid him in taking advantage of his own wrong.

The objection that no appraisement of the property sold was made and returned by the officer prior to the sale is without force, since the judgment shows that the sale was to be made without appraisement.

The order of the court confirming the sale will be affirmed.

All the Justices concurring.